USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 6.22.18

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DARREN P. ZAPOTOCKY,

          Plaintiff,

- against -

CIT BANK, N.A.,

          Defendant.

17-cv-6377 (JGK)

MEMORANDUM OPINION
& ORDER

**JOHN G. KOELTL, District Judge:**

The pro se plaintiff, Darren P. Zapotocky, brings this action alleging that CIT Bank, N.A., breached his reverse mortgage contract by requiring him to obtain flood insurance. Zapotocky also challenges a foreclosure judgment entered against him in Connecticut state court.

CIT now moves pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss this action for lack of subject matter jurisdiction and for failure to state a claim. CIT argues that Zapotocky lacks standing to bring this claim because he forfeited it during a personal bankruptcy and that the Court lacks jurisdiction under the so-called Rooker-Feldman Doctrine. See generally Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284-88 (2005). CIT also argues that Zapotocky's claims are barred by the doctrine of res judicata and that he fails to state any claim for relief. For the reasons

explained below, CIT's Rule 12(b)(1) motion is **granted,** and Zapotocky's claims are **dismissed without prejudice.**

I.

When presented with both a motion under 12(b)(1) to dismiss for lack of subject matter jurisdiction and a motion under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, the first issue is whether the Court has the subject matter jurisdiction necessary to consider the merits of the action. See Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990); see also Graham v. Select Portfolio Servicing, Inc., 156 F. Supp. 3d 491, 499 (S.D.N.Y. 2016).

To prevail against a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In considering such a motion, the Court generally must accept the material factual allegations in the complaint as true. See J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004). The Court does not, however, draw all reasonable inferences in the plaintiff's favor. Graubart v. Jazz Images, Inc., No. 02-cv-4645, 2006 WL 1140724, at *2 (S.D.N.Y. Apr. 27, 2006); see also Graham, 156 F. Supp. 3d at 499.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Burke v. Metro. Transp. Auth., No. 09-cv-3291, 2009 WL 4279538, at *2 (S.D.N.Y. Dec. 1, 2009).

The pleadings and allegations of a pro se plaintiff must be construed liberally for the purposes of deciding motions pursuant to Rules 12(b)(1) and 12(b)(6). See McKithen v. Brown, 481 F.3d 89, 96 (2d. Cir. 2007); Weixel v. Bd. of Educ., 287 F.3d 138, 145-46 (2d Cir. 2002). The submissions of a pro se litigant should be interpreted to "raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir.

2006) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Burke, 2009 WL 4279538, at *2.

The complaint is deemed to include any documents incorporated in it by reference. Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991). "[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment." Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) (internal quotation marks omitted). "A court may [also] take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment." Evans v. N.Y. Botanical Garden, No. 02-cv-3591, 2002 WL 31002814, at *4 (S.D.N.Y. Sept. 4, 2002). Furthermore, a court must deem a pro se plaintiff's complaint to include the facts contained in any submissions filed by the plaintiff in response to a motion to dismiss. Le Grand v. Evan, 702 F.2d 415, 416 n.3 (2d Cir. 1983).

## II.

The Court accepts the following allegations as true for the purposes of this motion to dismiss.

4

Zapotocky is a citizen of Connecticut. CIT is a New York corporation with is principal place of business in New York. Am. Compl. 2-3.

On August 25th, 2006, Zapotocky obtained a reverse mortgage loan from Cambridge Home Capital, LLC, secured by a mortgage on his home in Connecticut. Am. Compl. 5; see Welker Decl. Exs. 1, 2. In July, 2015, Zapotocky's mortgage was assigned to OneWest Bank, N.A., now known as CIT Bank, N.A.. Welker Decl. Ex. 3.

In or around 2008, Zapotocky was notified that he was required under the reverse mortgage agreement to obtain flood insurance. Am. Compl. 5. Zapotocky claims that the flood insurance was prohibitively expensive and made "it impossible for [him] to pay the required taxes on [his] mortgaged house and property." Id.

In May, 2016, CIT commenced a foreclosure action against Zapotocky in the Superior Court of the State of Connecticut (the "Superior Court"). Welker Decl. Ex. 4. On October 13, 2016, the Superior Court granted CIT's "Motion For Default -- Failure to Plead" after Zapotocky failed to respond in the foreclosure action. Welker Decl. Ex. 6. On November 28, 2016, Zapotocky requested argument to discuss "irregularities" in his reverse mortgage contract. Welker Decl. Ex. 8. On December 5, 2016, the Superior Court entered an Order of Judgment of Foreclosure by

5

Sale (the "Foreclosure Judgment"), and set a sale date of March 4, 2017. Welker Decl. Ex. 9.

Zapotocky submitted various documents and requests for relief in response to the entry of the Foreclosure Judgment. See Welker Decl. Exs. 10-11. On January 10, 2017, the Superior Court granted a motion by Zapotocky to open the Foreclosure Judgment and set a new sale date of April 8, 2017. Welker Decl. Ex. 12.

In November, 2015, Zapotocky filed a petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. On February 24, 2016, Zapotocky received a discharge under 11 U.S.C. § 727. On April 6, 2017, without disclosing his prior bankruptcy petition, Zapotocky filed a bankruptcy petition under 11 U.S.C. Chapter 13, in the District of Connecticut. The Bankruptcy Court dismissed Zapotocky's petition on April 26, 2017, because of his February 24, 2016, discharge. Welker Decl. 14. Zapotocky did not disclose any of the current claims during his 2015 bankruptcy filing, and that bankruptcy case is now closed. Welker Decl. Ex. 13.

On August 10, 2017, Zapotocky filed in the Superior Court another motion to open the Foreclosure Judgment and to extend the foreclosure sale date. See Welker Decl. Ex. 15.

On August 22, 2017, Zapotocky filed an action in this Court seeking relief from the requirement to purchase flood insurance and from the foreclosure proceedings in Connecticut. Zapotocky

6

simultaneously filed a motion to proceed in forma pauperis. Dkt. Nos. 1, 2.

On September 11, 2017, the Superior Court granted Zapotocky's August 10. 2017, motion to open the Foreclosure Judgment. The Superior Court stayed the foreclosure sale of the property until December 9, 2017. Welker Decl. Exs. 15.

On September 27, 2017, this Court granted Zapotocky's motion to proceed in forma pauperis. Dkt. No. 3. On October 3, 2017, the Court dismissed Zapotocky's federal action on the ground that the claims were time-barred by the relevant statutes of limitations but granted Zapotocky leave to amend. Dkt. No. 4. Zapotocky filed an amended complaint in this Court on November 16, 2017. Dkt. No. 6. In his amended complaint, Zapotocky alleges that, after he signed the reverse mortgage agreement, CIT forced him to obtain flood insurance in violation of the agreement, and that purchasing flood insurance caused Zapotocky to be unable to make the required payments on his mortgage. Am. Compl. 5.

On December 9, 2017, Zapotocky's property was sold to CIT in a foreclosure sale. Welker Decl. Ex. 16.

On December 26, 2017, Zapotocky filed in the Superior Court a "Motion to Stop Foreclosure Action," citing the action filed in this Court as a reason to stop the foreclosure sale. Welker Decl. Ex. 17. On March 7, 2018, the Superior Court ordered

7

Zapotocky to submit by March 12, 2018, a copy of the federal complaint that had been filed in this Court. Welker Decl. Ex. 18. Zapotocky did not file a copy of his federal complaint with the Superior Court, and the Superior Court consequently denied his December 26, 2017, motion to stop the foreclosure sale. Welker Decl. Ex. 19. On April 9, 2018, Zapotocky filed an appeal in Connecticut State court from the Superior Court's March 12, 2018, order denying his motion to stop the foreclosure sale. Welker Decl. Ex. 21. That appeal is still pending.

On April 19, 2018, CIT filed the pending motion to dismiss Zapotocky's federal action in this Court. Dkt. No. 23.

### III.

CIT moves pursuant to Rule 12(b)(1) to dismiss Zapotocky's claims without prejudice. CIT alleges that Zapotocky lacks standing and that the Court lacks subject matter jurisdiction under the Rooker-Feldman Doctrine.

### A.

CIT moves to dismiss under Rule 12(b)(1) on the basis that Zapotocky lacks standing because his claims belong to the bankruptcy estate.

"Whether a claimant has standing is the threshold question in every federal case, determining the power of the court to entertain the suit." Licensing by Paolo, Inc. v. Sinatra, 126 F.3d 380, 387-88 (2d Cir. 1997) (quoting Warth v. Seldin, 422

U.S. 490, 498 (1975)); see also Hickox v. Friedland, No. 98-cv-4988, 1999 WL 970454, at *5 (S.D.N.Y. Oct. 25, 1999). A debtor who files for bankruptcy is required to disclose an attached schedule listing all of the debtor's assets, including "any causes of action possessed by the debtor." Seward v. Devine, 888 F.2d 957, 963 (2d Cir. 1989); see 11 U.S.C. §§ 521(a)(1),541. Unscheduled claims become the property of the bankruptcy estate, and any such claims later brought by the debtor must be dismissed. Pray v. Long Island Bone & Joint, LLP, No. 14-cv-5386S, 2016 WL 9455557, at *7 (E.D.N.Y. Aug. 11, 2016) ("Chapter 7 debtors . . . do not have standing to pursue claims that remain part of the bankruptcy estate." (alteration in original)); Ibok v. Siac-Sector Inc., No. 05-cv-6584, 2011 WL 293757, at *4 (S.D.N.Y. Jan. 31, 2011) (concluding that a debtor "lacks standing to pursue" an undisclosed claim and, "[a]ccordingly, an undisclosed claim brought by a debtor must be dismissed"); Kassner v. 2nd Ave. Delicatessen Inc., No. 04-cv-7274, 2005 WL 1018187, at *3-4 (S.D.N.Y. Apr. 29, 2005) (holding that a Chapter 7 debtor lacked standing and could not pursue claim because he failed to schedule it in bankruptcy proceeding).

Zapotocky filed for bankruptcy in 2015, after Zapotocky had entered into the reverse mortgage and after he was made aware of the requirement of flood insurance, which means his current causes of action against CIT existed prior to his bankruptcy filings. However, Zapotocky did not disclose these claims in his bankruptcy petition in 2015, and thus surrendered the right to bring these claims to the bankruptcy trustee when his 2015 petition was discharged. Zapotocky therefore lacks standing to pursue the claims against CIT in this action. See Pray, 2016 WL 9455557, at *7; Ibok, 2011 WL 293757, at *2; Kassner, 2005 WL 1018187, at *3.

Accordingly, Zapotocky's claims must be dismissed without prejudice pursuant to Rule 12(b)(1) for lack of standing.

**B.**

CIT also moves to dismiss under Rule 12(b)(1) on the alternative basis that the Rooker-Feldman Doctrine bars this action because Zapotocky seeks to appeal the Foreclosure Judgment, which was entered against him in the Superior Court. The relief Zapotocky seeks is "a new mortgage agreement" together with "monetary damages." Am. Compl. 6.

Under the Rooker-Feldman Doctrine, a federal district court lacks subject matter jurisdiction over a case that seeks to reverse or modify a state court decision, or a case in which the

federal claims presented are "inextricably intertwined" with the merits of a state court judgement. Exxon Mobil, 544 U.S. at 286 (quoting District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983)); see also Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). The only federal court that may review a state court judgment is the United States Supreme Court. Exxon Mobil, 544 U.S. at 291-92 ("[28 U.S.C.] § 1257 . . . vests authority to review a state court's judgment solely in [the Supreme] Court . . . .").

The Second Circuit Court of Appeals has articulated four requirements for the application of the Rooker-Feldman Doctrine: (1) "[T]he federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (brackets omitted). If all of these conditions are met, a district court lacks subject matter jurisdiction.

The Rooker-Feldman Doctrine plainly bars the Court from exercising jurisdiction over this action. Zapotocky requests that the Court review and reject the Foreclosure Judgment from the Superior Court. Zapotocky plainly lost in the Superior

Court. It is undisputed that Zapotocky complains that the Foreclosure Judgment caused him injury, because the judgment forced Zapotocky's home to be sold and he seeks a new mortgage agreement. Zapotocky's federal complaint invites the Court to review and reject the Foreclosure Judgment. And the Foreclosure Judgment was rendered prior to the commencement of this action. Thus, the Rooker-Feldman Doctrine bars jurisdiction over this suit. See Gonzales v. Ocwen Home Loan Serving, 74 F. Supp. 3d 504, 514 (D. Conn. 2015) ("Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman [D]octrine." (quoting Gunn v. Ambac Assurance Corp., No. 11-cv-5497, 2012 WL 2401649, at *12 (S.D.N.Y. June 26, 2012)) (collecting cases).

Zapotocky contends that Judge Alfred Jennings of the Superior Court acted "with prejudice when he approved the auction sale of my property, since it was his own committee seeking court approval of the sale." Dkt. No. 28, at 3. That would not change the Rooker-Feldman analysis. "[E]ven if the state court judgment was wrongly procured, it is effective and conclusive until it is modified or reversed in the appropriate State appellate or collateral proceeding." Simpson v. Putnam Cnty. Nat'l Bank of Carmel, 20 F. Supp. 2d 630, 633 (S.D.N.Y. 1998) (Parker, J.).

Neither does the fact that Zapotocky's appeal from the Superior Court's judgment is currently pending affect the analysis under the Rooker-Feldman Doctrine. "[D]istrict courts within the Second Circuit have not confined application of the Rooker-Feldman doctrine to situations where federal plaintiffs have exhausted their state-court appeals." Deraffele v. City of New Rochelle, No. 15-cv-282, 2016 WL 1274590, at *7 n.10 (S.D.N.Y. Mar. 30, 2016) (citing cases). A purpose of the Rooker-Feldman doctrine is to allow review of state court decisions by state courts, subject only to review for federal issues by the Supreme Court of the United States.

Accordingly, Zapotocky's claims must be dismissed without prejudice pursuant to Rule 12(b)(1) under the Rooker-Feldman Doctrine.

**IV.**

CIT also moves pursuant to Rule 12(b)(6) to dismiss Zapotocky's claims with prejudice. Although Zapotocky's claims must be dismissed without prejudice pursuant to Rule 12(b)(1), for purposes of completeness, it is useful to consider two of the arguments CIT makes in support of dismissing the claims pursuant to 12(b)(6), namely CIT's arguments that Zapotocky's

13

claims are barred by res judicata and that Zapotocky's amended complaint fails to state a claim.[1]

**A.**

CIT argues that this action is barred by the doctrine of res judicata.

The doctrine of res judicata provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); see Maharaj v. BankAmerica Corp., 128 F.3d 94, 97 (2d Cir. 1997); see also Garver v. Brown & Co. Sec. Corp., No. 96-cv-2507, 1998 WL 54608, at *3 (S.D.N.Y. Feb. 10, 1998). "Decisions of state courts . . . are entitled to full faith and credit, and thus preclusive effect, in federal court." Grays v. SDH Educ. W., LLC, No. 16-cv-666, 2017 WL 2240227, at *6 (S.D.N.Y. Mar. 23, 2017) (citing 28 U.S.C. § 1738). "When determining the effect of a state court judgment, federal courts . . . are required to apply the preclusion law of the rendering [S]tate." Giannone v. York Tape & Label, Inc., 548 F.3d 191, 192-92 (2d Cir. 2008). Under Connecticut law, "a prior action bars subsequent litigation between the same parties

---

[1] It is unnecessary to address CIT's motion to dismiss on the ground that Zapotocky's claims are time-barred by the applicable statutes of limitations or Zapotocky's argument that the statute of limitations should be tolled by reason of his insanity.

14

arising from the same subject matter, provided the precluded party had an adequate opportunity to litigate in the prior proceeding." Bailey v. Interbay Funding, LLC, No. 3:17-cv-1457, 2018 WL 1660553, at *9 (D. Conn. Apr. 4, 2018) (footnote omitted).

Res judicata would plainly precludes Zapotocky's claims in this action. The Foreclosure Judgment was between the same plaintiff and defendant and addressed the same subject matter as the current action before this Court. Zapotocky had an adequate opportunity in the Superior Court action to raise any of the current objections to the foreclosure judgment and any other claims related to his reverse mortgage. Having failed to do so, Zapotocky would be barred by the res judicata doctrine from raising those claims in this action.

**B.**

Finally, CIT argues that Zapotocky has failed to state a claim for relief.

Zapotocky did not specify in his amended complaint the specific causes of action he seeks to pursue. However, the amended complaint, liberally construed, could purport to raise actions sounding in contract, tort, fraud, and the Truth in Lending Act, see 15 U.S.C. §§ 1601 et seq.

Zapotocky cannot state a common law claim sounding in contract, tort, or fraud. The principal allegation in

Zapotocky's complaint is that CIT required him to purchase flood insurance when he was "not informed [at the time he signed the reverse mortgage agreement] that [he] would be required to obtain flood insurance." Am. Compl. 5. However, the reverse mortgage agreement explicitly requires the borrower to obtain flood insurance. Welker Decl. Ex. 2 ¶¶ 3, 5. The amended complaint therefore does not state that CIT breached any portion of the reverse mortgage agreement, fraudulently induced Zapotocky into signing the agreement, or committed any tort related to the flood insurance requirement. Accordingly, any common law claim purportedly alleged in Zapotocky's amended complaint should be dismissed.

Under the Truth in Lending Act, the terms of credit and the fees charged for the extension of credit must be properly disclosed. See 15 U.S.C. § 1637a. As explained above, the reverse mortgage agreement plainly disclosed to Zapotocky that he may be required to purchase flood insurance. Accordingly, Zapotocky does not state a claim under the Truth in Lending Act's credit disclosure provision.

Accordingly, if there were subject matter jurisdiction, Zapotocky's claims should also be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, CIT's motion to dismiss is **granted**. Zapotocky's claims are **dismissed without prejudice**. The Clerk is directed to enter judgment **dismissing this case without prejudice**. The Clerk is also directed to close all pending motions and to close this case.

**SO ORDERED.**

Dated:    **New York, New York**
            **June 21, 2018**

                                              John G. Koeltl
                                      **United States District Judge**